**Emrus KOLENOVIC, Nadira Kolenovic, Nerma Kolenovic, and Leila Kolenovic, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 04–3623–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

Sam Gjoni, New York, New York, for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, April M. Byrd, Assistant United States Attorney, Wilmington, Delaware, for Respondent.

Present: NEWMAN, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Emrus Kolenovic and his wife and daughters, through counsel, petition for review of the BIA decision denying Emrus' claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews *de novo*

questions of law regarding "'what evidence will suffice to carry any asylum applicant's burden of proof.'" *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (quoting *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003)). On the other hand, this Court reviews the IJ's factual findings under the more deferential substantial evidence standard, upholding them if supported by "'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo,* 232 F.3d at 287).

The IJ found that Kolenovic failed to establish that he "suffered harm, which in the aggregate rises to the level of persecution as contemplated by the Act." As the IJ correctly noted, a government does not commit persecution simply by requiring its citizens to perform military service, or punishing them for failure to serve. *Islami,* 412 F.3d at 396. Forced conscription might constitute persecution if (1) the applicant would be subject to a disproportionate punishment for failing to serve, on account of a protected ground, or if (2) the army is condemned by the international community for its human rights abuses. *Id.* The evidence on the record supports the IJ's finding that Kolenovic did not fall within the first exception; the two-day detention he described was not severe, and he did not allege that he received this punishment specifically because he was a Muslim.

This Court recently elaborated on the second exception, holding that individuals who sought to avoid serving in a military that directed its brutal campaigns against members of their own race, religion, nationality, or social or political group, could establish past persecution based on a significantly lower threshold of military wrongdoing. *Islami,* 412 F.3d at 397. Kolenovic, who is Muslim, testified that the Yugoslav army required him and other forced recruits to commit brutalities, and he stated in his asylum application that he refused to join an army whose only aim was to destroy the Albanian and Muslim populations in Yugoslavia. Therefore, Kolenovic's forced recruitment and fear of retribution for leaving the army could rise to the level of past persecution. *See id.*

It is not necessary to remand for this factual determination, however, because even if Kolenovic could establish past persecution, the IJ correctly found that current conditions in Montenegro adequately rebutted any presumption of future persecution. When an applicant establishes past persecution, asylum can still be denied as a matter of discretion if there is little possibility of future persecution, in light of current country conditions. 8 C.F.R. § 208.13(b)(1)(i); *see also Islami,* 412 F.3d at 397 (citing *Matter of Chen,* 20 I. & N. Dec. 16, 18, 1989 WL 331860 (BIA 1989)). Kolenovic claimed to fear only one, very specific form of harm: punishment from a military court for having evaded the draft in 1998 and 1999. However, the 2001 State Department report for Yugoslavia indicated that in February 2001, the Yugoslav government passed a law granting amnesty to conscientious objectors and draft evaders who refused to fight in the army between April 27, 1992 and October 7, 2000. This report also stated that the Montenegrin government specifically was not punishing draft evaders and was allowing them to move freely throughout the country. Thus, substantial evidence supports the IJ's finding that Kolenovic did not have a well-founded fear of military punishment in light of current conditions in Montenegro.

Kolenovic failed to raise the IJ's denial of CAT relief in his brief before this Court, and therefore it is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).