SUMMARY ORDER

Petitioners,[2] natives and citizens of the former Yugoslavia, seek review of the June 24, 2008 order of the BIA denying their motion to reopen. In re Emrus Kolenovic, Nadira Kolenovic, Nerma Kolenovic, and Leila Kolenovic, Nos. A77 925 336/337/338/339 (B.I.A. June 24, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Here, the BIA properly denied Petitioner’s motion to reopen as untimely where it was filed almost four years after his 2004 final order of removal. See 8 C.F.R. § 1003.2(c)(2) (providing that an applicant must file a motion to reopen within ninety days of the final administrative decision). Moreover, the BIA did not abuse its discretion in finding that Petitioner failed to present material evidence of changed country conditions sufficient to satisfy the exception to the time limitation. See 8 U.S.C. § 1229a(e)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(h); INS v. Abudu, 485 U.S. 94, 104-105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
Petitioner submitted a number of articles and reports in suppoi't of his motion; however, as the BIA found, much of that evidence was available prior to Petitioner’s February 2003 merits hearing. See Nora- *35 ni v. Gonzales, 451 F.3d 292, 294 (2d Cir.2006).
As to the evidence that was not previously available, the BIA did not err in finding that it did not support reopening. A 2005 article Petitioner submitted states that draft evaders who were granted amnesty still remain liable for future military service, and a 2006 newspaper article and the 2007 U.S. Department of State Country Report discuss general human rights abuses in Montenegro. However, as we noted in denying Petitioner’s previous petition for review, “a government does not commit persecution simply by requiring its citizens to perform military service....” Kolenovic v. INS, 157 Fed.Appx. 387, 388 (2d Cir.2005). Therefore, the BIA did not abuse its discretion in finding that the evidence Petitioner submitted did not support reopening. See Abudu, 485 U.S. at 104-05, 108 S.Ct. 904.
Moreover, to the extent that Petitioner argues that the BIA did not properly consider the evidence he submitted because it did not mention each document by name, his argument fails. Indeed, we do not require the agency to “expressly parse or refute on the record each individual argument or piece of evidence offered.” Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (internal citations omitted).
Under these circumstances, the BIA appropriately determined that Petitioner failed to establish that he qualified for an exception to the time limitation on motions to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(e)(3)(ii). Accordingly, the BIA did not abuse its discretion in denying Petitioner’s motion to reopen. See Abudu, 485 U.S. at 104-05, 108 S.Ct. 904.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Throughout this order, we refer only to Em-ms Kolenovic because he was the lead applicant before the agency.